# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. BURGESS,<br><br>Plaintiff,<br><br>v.<br><br>GINA CERILLI<br>in her individual capacity,<br><br>Defendant. | Civil No. 18-1189 |

## OPINION and ORDER

Plaintiff James A. Burgess brings this civil rights action under 42 U.S.C. § 1983, alleging that Defendant Gina Cerelli violated his rights under the First Amendment to the United States Constitution by causing Mr. Burgess to be terminated for his perceived political affiliation. Presently before the Court is Defendants' Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) for Failure to State a Claim. ECF No. 26. After careful consideration of the parties' positions, and for the following reasons, the Motion to Dismiss is GRANTED.

## I. BACKGROUND

### A. Procedural History

James A. Burgess initially filed a Complaint on September 7, 2018, against Defendants Gina Cerelli, Felice Associates, Inc. ("Felice Associates"), and John Felice. ECF No. 1. On November 19, 2018, Mr. Burgess and the two Felice Defendants stipulated to dismiss Felice Associates and John Felice from the action. Ms. Cerelli responded to the Complaint by filing a Motion to Dismiss the Complaint. ECF No. 12. In response, Mr. Burger filed a Motion to Amend his Complaint, which the Court granted. ECF Nos. 17 & 19. Mr. Burgess filed his

Amended Complaint on January 8, 2019, against Ms. Cerelli. ECF No. 25. Ms. Cerelli filed a second motion to dismiss the Amended Complaint. ECF No. 26. Mr. Burgess filed a Brief in Opposition, ECF No. 29, to which Ms. Cerelli filed a Reply, ECF No. 30.

**B. Factual Background**

At all relevant times, Defendant Gina Cerelli was one of three Westmoreland County Commissioners. Am. Compl. ¶ 6. The other Commissioners were Ted Kopas and Charles Anderson. Am. Compl. ¶¶ 12 & 31. In 2014, Felice Associates entered into a contract with Westmoreland County to provide human resource management services. Am. Compl. ¶ 9. Plaintiff, James A. Burgess, was employed by Felice Associates, and he was directly supervised by John Felice. Am. Compl. ¶¶ 7-8. On June 5, 2017, Felice Associates assigned Mr. Burgess to be the director of human resources for Westmoreland County, pursuant to its contract with the County. Am. Compl. ¶ 10. Mr. Burgess was jointly supervised by Mr. Felice and the three Westmoreland County Commissioners. Am. Compl. ¶ 11.

Mr. Burgess claims that Ms. Cerelli, working in concert with Mr. Felice, directed Mr. Burgess's termination, in retaliation for Mr. Burgess's perceived political affiliation with Commissioner Kopas, and for Mr. Burgess's failure to follow Ms. Cerelli's political agenda. Am. Compl. ¶¶ 12, 43. The conduct Mr. Burgess alleges he engaged in, that prompted his termination, concern three activities: his investigation into the Sheriff's Office; his refusal to eliminate a position in the human resources department; and his handling of hiring a financial director. The allegations showing the connection between these activities and the alleged unlawful termination are as follows.

### *Investigation into the Sheriff's Office*

In October, 2017, Mr. Burgess initiated an investigation into the Westmoreland County Sheriff's Office warrant fee process and procedure. Am. Compl. ¶¶ 14, 16. Mr. Burgess was

2

directed to begin the investigation by Mr. Kopas, who was acting in response to an order from the Pennsylvania Department of Auditor General. Am. Compl. ¶¶ 14-15. Mr. Kopas had a political interest in the investigation. Am. Compl. ¶ 15. Mr. Kopas's interest in the investigation "was politically adverse" to Ms. Cerilli. Am. Compl. ¶ 15. During the investigation, Mr. Kopas met with Mr. Burgess several times, and complimented him on his professionalism and thoroughness. Am. Compl. ¶ 23.

After Mr. Burgess initiated the investigation, Mr. Felice ordered him to cease the investigation. Am. Compl. ¶ 17. Mr. Felice explained that the investigation did not further Mr. Felice's political interests. Am. Compl. ¶ 18. Mr. Felice specifically ordered Mr. Burgess to cease any investigation into the actions of the Sheriff himself, explaining that he had a strong friendship with the Sheriff. Am. Compl. ¶¶ 17-18. Mr. Burgess chose to continue the investigation, prompting Mr. Felice to again tell Mr. Burgess to "drop" the investigation. Am. Compl. ¶¶ 20-21, 22. Mr. Burgess believed that Mr. Felice viewed the Sheriff's Office investigation as a show of support for Mr. Kopas. Am. Compl. ¶ 19.

In addition, before Felice Associates assigned Mr. Burgess to be the Westmoreland County director of human resources, he was instructed by Mr. Felice to support Ms. Cerelli's political initiatives. Am. Compl. ¶ 13. After Mr. Burgess was terminated, Mr. Felice told him that it happened because he continued the Sheriff's Office investigation, and because Ms. Cerelli was "pissed" that Mr. Burgess refused to support her political initiatives. Am. Compl. ¶ 41.

*Refusal to eliminate a human resources position*

In or around January 2018, Mr. Burgess hired two persons to fill vacancies in the human resources department. Am. Compl. ¶ 25. Mr. Burgess first hired an applicant recommended by Ms. Cerelli, then hired an applicant recommended by Mr. Kopas for the second position. Am. Compl. ¶ 25. Prior to hiring the applicant recommended by Mr. Kopas, Mr. Burgess was

3

instructed by Carol Wentzel, an employee of Felice Associates, to eliminate the second position in order to free up funds so that two current County employees, originally hired by Ms. Cerelli, could receive salary increases. Am. Compl. ¶¶ 26-27. Ms. Wentzel told Mr. Burgess that if he eliminated the remaining position, it would make him "look good" to Ms. Cerelli. Am. Compl. ¶ 28. Mr. Burgess said he would not eliminate the position because he was hiring the applicant recommended by Mr. Kopas, as planned. Am. Compl. ¶ 29. Ms. Wentzel then warned Mr. Burgess to "be careful" as Ms. Cerelli "perceived that [Mr. Burgess] was 'too close' to Commissioner Kopas." Am. Compl. ¶ 30.

### *Hiring process for financial director position*

After the two human resources positions were filled, the Commissioners directed Mr. Burgess to fill the vacant post of financial director. Am. Compl. ¶ 31. Mr. Burgess advertised the vacancy, received applications, and submitted two candidates to the Commissioners for review. Am. Compl. ¶ 31. During the hiring process, Mr. Burgess met with Mr. Anderson, at the request of Mr. Kopas, to discuss the possibility of rehiring Westmoreland County's prior financial director. Am. Compl. ¶ 32. Ms. Cerelli did not support the rehiring of the prior financial director, and in early February, 2018, she officially verbally reprimanded Mr. Burgess for overstepping his authority during the search for a financial director. Am. Compl. ¶¶ 33-34. Mr. Burgess believes that Ms. Cerelli's reprimand occurred because she perceived that Mr. Burgess was politically affiliated with, and supported, Mr. Kopas. Am. Compl. ¶ 36.

### *Mr. Burgess's termination*

On January 11, 2018, Mr. Anderson and Ms. Cerelli voted to approve an Amendment to the County's January 9, 2014 Agreement with Felice Associates, to extend the contract for a one-year term from February 3, 2018 through February 2, 2019, with a $25,000 decrease in the annual fee payable to Felice Associates. Westmoreland County Meeting Minutes, Jan. 11, 2018,

4

at 7; Am. Compl. ¶ 24. Mr. Kopas voted "Nay." Id. After the contract was renewed, Mr. Felice commended Mr. Burgess on his job performance. Am. Compl. ¶ 24. Sometime in January 2018, Mr. Kopas told Mr. Burgess that he wanted Mr. Burgess to remain as director of human resources. Am. Compl. ¶ 42.

On February 20, 2018, however, Mr. Felice told Mr. Burgess that Westmoreland County had ended it contract with Felice Associates, which meant that Mr. Burgess, as an employee of Felice Associates, was terminated from his position. Am. Compl. ¶ 37. That same day, Westmoreland County replaced Mr. Burgess with Amanda Bernard, an open supporter of Ms. Cerelli. Am. Compl. ¶ 38. Mr. Burgess alleges that Ms. Cerelli "worked to immediately replace [Mr. Burgess] with one of her supporters, Ms. Bernard." Am. Compl. ¶ 43.

At the March 8, 2018 Commissioner's meeting, the Commissioner's unanimously voted to terminate the January 9, 2014 Agreement, as amended January 11, 2018, with Felice Associates, effective February 20, 2018. Westmoreland County Meeting Minutes, Mar. 8, 2018, at 7, 8. Mr. Burgess alleges that Mr. Kopas, "as an employee of Westmoreland County," voted to terminate the contract of Felice Associates, "in an effort to retain [Mr. Burgess] as a Westmoreland County employee," but this effort failed as Ms. Bernard became the new director of human resources. Am. Compl. ¶ 42.

At the March 8, 2018 meeting, Mr. Anderson and Ms. Cerelli voted to approve a new agreement with Felice Associates, effective February 20, 2018. March 8, 2018 Meeting Minutes, at 8; Am. Compl. ¶ 44. Mr. Kopas was noted as opposed. Id. The new contract did not include services for Felice Associates to provide a director of human resources. Am. Compl. ¶ 44; see also March 8, 2018 Meeting Minutes, at 8 (indicating a decrease in the rate payable to Felice

Associates from $15, 916.66 per month in the January 11, 2018 extension, to $7,000 per month in the new contract).

Mr. Burgess questioned Mr. Felice as to the why the contract was terminated, given that the County had just renewed it in January 2018. Am. Compl. ¶ 39. Mr. Felice explained he had entered into an agreement with Westmoreland County to terminate his company's contract, for the express purpose of getting rid of Mr. Burgess. Am. Compl. ¶ 40. Mr. Felice specifically explained to Mr. Burgess that the contract was terminated because of his investigation into the Sheriff's Office, and because Ms. Cerelli was "pissed" that Mr. Burgess refused to support her political initiatives. Am. Compl. 41.

## II.  STANDARD OF REVIEW

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); see also Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations of a

6

complaint must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir.2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)); see also Connelly v. Lane Const. Corp., 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing Foglia v. Renal Ventures Mgmt., *LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. Morse v. Lower Merion School District, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. Maio v. Aetna, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." Neitzke v. Williams, 490 U.S. 319, 326–327, (1989).

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing 5A Wright and Miller, Federal Practice and Procedure: Civil 2d, § 1357; Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).

7

Finally, if the court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. The Court of Appeals has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

## III. DISCUSSION

In Count I, Mr. Burgess claims that he was retaliated against for his perceived political affiliation in violation of his constitutional rights under 42 U.S.C § 1983 and the First Amendment. In Count II, he alleges that Ms. Cerelli and Mr. Felice conspired to unlawfully terminate his employment in violation of 42 U.S.C § 1983 and the Fourteenth Amendment. Ms. Cerelli moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted as to both the section 1983 political retaliation claim, and the conspiracy claim. As explained below, Mr. Burgess' section 1983 claim is dismissed because Mr. Burgess was not a public employee, and even if he was, he is unable to demonstrate that Ms. Cerelli engaged in retaliatory conduct. Mr. Burgess's conspiracy claim is dependent on his section 1983 claim, and therefore this claim is also dismissed.

The United States Court of Appeals for the Third Circuit has developed "a three-part test to establish a claim of discrimination based on political patronage in violation of the First Amendment." Galli v. N.J. Meadowlands Comm'n, 490 F.3d 265, 271 (3d Cir. 2007). A plaintiff must demonstrate: (1) that he was employed at a public agency in a position that does not require political affiliation; (2) that he was engaged in constitutionally protected conduct; and

8

(3) that the constitutionally-protected conduct was a substantial or motivating factor for the adverse employment action. Montone v. City of Jersey City, 709 F.3d 181, 189 (3d Cir. 2013) (citing Galli, 490 F.3d at 271). "The third prong requires proof that the employer knew of the plaintiff's political affiliation and that the affiliation caused the adverse action." McKeever v. Twp. of Washington, 473 F. App'x 103, 104 (3d Cir. 2012) (citing Galli, 490 F.3d at 275). Once plaintiff establishes a prima facie case, the defendant may "avoid a finding of liability by proving by a preponderance of the evidence that the same employment action would have been taken even in the absence of the protected activity." Galli, 490 F.3d at 271.

### A. Mr. Burgess is Not a Public Employee

Mr. Burgess's claim fails because he was not a public employee of Westmoreland County, as it is undisputed he was an employee of Felice Associates, a private agency. Nonetheless, Mr. Burgess argues that, for purposes of his First Amendment retaliation claim, he is a Westmoreland County independent contractor permitted to bring his claim under Supreme Court precedent. Pltf. Br. Opp. 3, citing O'Hare Truck Serv., Inc. v. City of Northlake, 518 U.S. 712 (1996). In O'Hare, the Supreme Court held that a government may not terminate an independent contractor's employment in retaliation for the contractor's First Amendment political association rights. O'Hare, 518 U.S. at 725; see also Bd. of Cty. Comm'rs, Wabaunsee Cty., Kan. v. Umbehr, 518 U.S. 668, 684–85 (1996) (decided the same day as O'Hare).

Mr. Burgess was an employee of Felice Associates, who contracted with Westmoreland County to provide services to the County. Pursuant to the contract, Felice Associates made the decision to place one of its employees, Mr. Burgess, in the position of director of human resources. The work assignment by his employer does not transform Mr. Burgess into an independent contractor with Westmoreland County. Mr. Burgess, an employee of an

9

independent contacting company, brings the present political retaliation claim. In contrast, in O'Hare, the independent contractor company, a private towing service, and its owner and operator, brought the political retaliation claim. The Court declines to extend the Supreme Court's holding in O'Hare, to the more attenuated circumstance of an employee of an independent contracting service provider. Accordingly, because Mr. Burgess is not a public employee he is fails to state a First Amendment retaliation claim.

### B. Ms. Cerelli Did Not Engage in Retaliatory Conduct

Even assuming that Mr. Burgess was able to establish that he was a public employee, he still fails to state a viable claim. Specifically, he is unable to establish that Ms. Cerelli engaged in retaliatory conduct. The Court must accept as true Mr. Burgess's factual allegations and construe the Amended Complaint in a light most favorable to him. Eid, 740 F.3d at 122. With this in mind, Mr. Burgess alleges that he began an investigation into the Sheriff's Office, and continued the investigation, even after being told by Mr. Felice to stop. He alleges that the Sheriff's office investigation was a matter politically favorable to Mr. Kopas, but politically adverse to Ms. Cerelli. Mr. Burgess also refused to eliminate a human resource's position to free up funds to increase salaries of personnel Mr. Cerelli hired. He was told by a Felice Associates' employee that to eliminate the position would make him "look good" to Ms. Cerelli, and that Ms. Cerelli viewed Mr. Burgess as being too close to Mr. Kopas. Mr. Burgess then considered hiring a former financial director that Ms. Cerelli was opposed to rehiring. Mr. Burgess alleges that Ms. Cerelli perceived Mr. Burgess to be a political supporter of Mr. Kopas, and Ms. Cerelli believed Mr. Burgess failed to support her political initiatives. Therefore, based on Mr. Burgess's conduct as director of human resources set forth in the Amended Complaint, he further alleges that Ms. Cerelli caused him to be terminated in violation of his constitutional rights.

Considering the above alleged factual content, the Court is unable to draw a reasonable inference that Ms. Cerelli unlawfully caused Mr. Burgess's termination. Iqbal, 556 U.S. at 678. The only direct action he alleges that Ms. Cerelli took against him was a verbal reprimand for the manner in which he handled the hiring of the financial director. Mr. Burgess does not allege that Ms. Cerelli threatened any disciplinary action or other adverse retaliatory action when issuing the verbal reprimand. Ms. Cerelli's verbal reprimand concerned Mr. Burgess's performance of his official duties and was not directed at Mr. Burgess's first amendment or other political affiliation conduct.

In addition, discovery will not result in revealing evidence to support Mr. Burgess's allegation that Ms. Cerelli caused him to be terminated. Fowler, 578 F.3d at 213. There is no dispute that the reason why Mr. Burgess lost his job was because the Commissioner's terminated the County's contract with Mr. Burgess's employer, Felice Associates. Felice Associates' contract could only be terminated (or not renewed) as a result of a majority vote by the three County Commissioners. On March 8, 2018, the Commissioner's unanimously voted to terminate the contract with Felice Associates effective February 20, 2018. Westmoreland County Meeting Minutes, Mar. 8, 2018, at 7, 8. During the same meeting, Commissioners Cerelli and Anderson voted to approve a *new* agreement with Felice Associates, effective February 20, 2018, that was at a much-reduced cost to the County. Id. at 8. Mr. Kopas opposed the new contract. Id.

Mr. Burgess has not named either Mr. Anderson or Mr. Kopas as defendants, nor has he alleged that either Commissioner was tainted by Ms. Cerelli's alleged unlawful retaliatory motive, or that either was involved in any manner in unlawfully causing his termination. Thus, even accepting as true Mr. Burgess's allegations that Ms. Cerelli wanted to terminate Mr.

Burgess for his perceived political affiliation, and his perceived failure to support Ms. Cerelli's political initiatives, Ms. Cerelli did not engage in retaliatory conduct that caused Mr. Burgess to be terminated. Instead, she and her co-commissioners together engaged in a lawful vote to terminate a contract with an independent private agency.

In his brief, Mr. Burgess argues that even though Mr. Kopas "voted to terminate the contract," his termination, and replacement by a Cerelli-supporter, were "orchestrated" by Ms. Cerelli. Pltf. Br. Opp. 6. To support his position, Mr. Burgess relies on his allegation that Mr. Kopas's reason for voting to terminate Felice Associates' contract with the County was "to retain [Mr. Burgess] as a Westmoreland County employee." Id., citing Am. Compl. ¶ 42. Mr. Burgess is unable to explain how Mr. Kopas's independent vote to terminate the Felice Associates' contract, was an action, "orchestrated" by Ms. Cerelli based on unlawful reasons. Construing the allegations in a light most favorable to Mr. Burgess, at best this allegation raises an inference that Mr. Kopas had valid, independent reasons for voting to terminate the contract, while also desiring to have Mr. Burgess remain as a County employee. Mr. Kopas may have hoped to retain Mr. Burgess, but just as none of the Commissioners could have unilaterally terminated the contract, no Commissioner could unilaterally either retain or replace Mr. Burgess. A majority vote of two Commissioners was necessary. Because all three Commissioners voted to terminate the contract, Mr. Burgess cannot establish that it was Ms. Cerelli that caused him to be unlawfully terminated. Accordingly, even if Mr. Burgess were to be considered a public employee he would still fail to state a First Amendment retaliation claim.

## IV. CONCLUSION

Mr. Burgess is not a public employee and therefore cannot bring a section 1983 First Amendment retaliation claim. Because Mr. Burgess is unable to state a viable section 1983 First

12

Amendment retaliation claim, his conspiracy claim similarly cannot be sustained. Defendant's Motion to Dismiss is granted, and the Amended Complaint is dismissed. The Court "must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236. A curative amendment would be futile because Mr. Burgess is not a public employee, and therefore he is unable to state a section 1983 political retaliation claim. Moreover, even if he was a public employee, a curative amendment would be futile as he cannot show that Ms. Cerelli caused him to be terminated, as he would not be able to provide allegations to overcome the fact that the Commissioners unanimously terminated the contract.

## ORDER

AND NOW, this 30th day of May, 2019, after careful consideration and for the reasons set forth in the Opinion accompanying this Order, it is hereby ORDERED that Defendant's Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) for Failure to State a Claim (ECF No. 26) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint is hereby DISMISSED, with prejudice.

Date: May 30, 2019

Marilyn J. Horan
United States District Court Judge